ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

KATHERINE L. WAWRZYNIAK (CABN 252751)
Chief, Criminal Division

GEORGE O. HAGEMAN (CABN 332457)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6511
    Fax: (415) 436-7234
    George.Hageman@usdoj.gov

Attorneys for United States of America

FILED

Jun 21 2023

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. 3:23-cr-00185 VC |
|     Plaintiff, | ) **MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION FOR DETENTION** |
|   v. | ) **[UNDER SEAL]** |
| CRISTIAN EDUARDO MATTUS PICCARDO, | ) Date: June 22, 2023<br>) Time: 10:30 a.m. |
|     Defendant. | ) Court: Hon. Sallie Kim |

## I. INTRODUCTION

The defendant is a long-term resident of San Francisco. He works as a janitor at a building downtown, and is a property manager at a multi-family residence in Potrero Hill. He has regular access to the other units where children live. He babysits on occasion, including for his minor nephews.

He is also an avid possessor of child pornography.

His collection, across multiple platforms, includes infants and toddlers as young as two years old. It includes videos of bondage, bestiality, and physical pain. It includes videos of adults abusing children, as well as videos of children being forced to abuse other children. It includes videos of the defendant himself sucking the tongue of at least one young girl for upwards of thirty seconds at a time; it is clear from the conversation that he is babysitting the young girl. He tells the girl to keep it a secret.

The defendant is a danger to the community, and particularly to those young children to whom he has regular access. Accordingly, the government requests that he be detained pending trial.

## II. FACTUAL BACKGROUND

In early 2022, Homeland Security Investigations began observing an online persona sharing thousands of images and videos of child sexual abuse material on a peer-to-peer network. The videos and images included the sexual abuse of children as young as three, four, and five years old. The infants and toddlers were being abused by adults and, in some cases, by other children at the direction of adults. Law enforcement investigated the online persona and found that it was linked to subscriber "Cristian Mattus" with a residence in Potrero Hill in San Francisco.

On January 4, 2023, law enforcement executed a search warrant at that multi-family residence. They found the defendant, Cristian Eduardo Mattus Piccardo (a.k.a. Cristian Mattus), in a bedroom packed with numerous electronic devices. One of those electronic devices was an LG G4 cell phone. A subsequent search of that cell phone found 303 images and 159 videos of child sexual abuse material, including a three year old child sucking on a pacifier while rubbing an adult male's penis, a two year old child crying while being anally penetrated by an adult male's penis, a six year old child being orally copulated by a dog, and young teenagers being shown child sexual abuse material and cajoled into sharing sexually explicit material of themselves.

The defendant is a property manager at the multi-family residence and regularly accesses the

other units on a weekly basis. Those other units include multiple young children. The defendant does not have children of his own, but he does have multiple nephews whom he babysits. Of particular concern, the defendant appears to also have unsupervised access to at least one young girl. In several videos on the LG G4 cell phone found in his bedroom, an adult male believed to be the defendant can be seen kissing and sucking the tongue of a young girl around seven to eleven years old. He sucks her tongue for close to thirty seconds at a time while she sits motionless. He films the act as it happens, checking the camera as if to ensure he is capturing it properly. Their conversation implies that he knows the girl's mother ("I think I hear Mummy car"). He asks her to keep this a secret.

### III.   LEGAL STANDARD

Under the Bail Reform Act of 1984, the Court must detain a defendant before trial without bail where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Detention is appropriate where a defendant is either a danger to the community or a flight risk; the government need not prove that both factors are present. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). A finding that a defendant is a danger to the community must be supported by clear and convincing evidence. *Id.*

"[T]he Bail Reform Act mandates an individualized evaluation guided by the factors articulated in [18 U.S.C.] § 3142(g)." *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019). Those factors are: (i) the nature and circumstances of the offense charged; (ii) the weight of the evidence against the defendant; (iii) the history and characteristics of the defendant, including his character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether the crime was committed while the defendant was on probation or parole; and (iv) the nature and seriousness of the danger to any person or to the community that the defendant's release would pose. *See* 18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

Importantly, the rules of evidence do not apply at a detention hearing. 18 U.S.C. § 3142(f)(2)(B). It is well-settled that at a detention hearing, the government may present evidence by way of an evidentiary proffer sufficient to make the court aware of the defendant's role in the offense,

the weight of the evidence against the defendant, and other relevant factors. *See, e.g., United States v. Salerno*, 481 U.S. 739, 743 (1987).

The government has the right to a detention hearing because this case involves a minor victim. *See* 18 U.S.C. § 3142(f)(1)(E). While there is a rebuttable presumption for an offense involving a minor victim under 18 U.S.C. § 2251 or § 2252(a)(1)-(3), there is no such rebuttable presumption for possession of child pornography under § 2252(a)(4). *See* 18 U.S.C. § 3142(e)(3)(D).

## IV.   ARGUMENT

### 1. There is clear and convincing evidence that the defendant poses a danger to the safety of any other person and the community.

Pretrial detention is warranted if the Court finds by "clear and convincing evidence" that the defendant poses a danger to specific individuals or the community at large. 18 U.S.C. § 3142(f); *see also United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). All four statutory factors weigh against the defendant and establish, by clear and convincing evidence, that he poses a continuing danger.

*(i)   Nature and circumstances of the charged offense*

The type of offense charged here (those involving a "minor victim") was specifically carved out by Congress as being a factor worthy of consideration, *see* 18 U.S.C. § 3142(g)(1), and even a single instance involving a minor victim would suffice. Here, the defendant was involved in the possession of thousands of graphic videos depicting child sexual abuse, including many with toddlers and infants as young as two years old. *See also United States v. Petersen*, 2017 U.S. Dist. LEXIS 75441 (N.D. Cal. May 17, 2017) (the sexual exploitation of children is among the "gravest and most serious crimes that a defendant can be charged with"). The videos show children being forced into oral, vaginal, and anal sex with adults, with other children, and with animals. The detention of adults who prey on children for sexual gratification is a legitimate government interest that justifies pre-trial detention.

The seriousness of the offenses charged are further demonstrated by the consequences for them. A preliminary calculation of the defendant's offense level under the United States Sentencing Guidelines shows a guidelines range of 97-121 months' imprisonment. This is prior to the addition of any potential distribution charges which come with additional mandatory minimums. These substantial custodial penalties are indicative of Congress' judgment about the seriousness of offenses involving the

No. 3:23-cr-00185 VC

sexual abuse of children, even if (for now) the defendant's charges are limited to "mere" possession.

*(ii)    Weight of the evidence*

Although the Ninth Circuit considers the weight of the evidence to be the least important statutory factor, this Court is still required to consider it. *See United States v. Hir*, 517 F.3d 1081, 1090 (9th Cir. 2008) (finding that "the weight of the evidence clearly and convincingly establishe[d]" a likelihood that defendant would pose a danger if released). Here, the weight of the evidence is compelling and substantial. Thousands of images and videos of child sexual abuse material were found to be on at least two devices in the defendant's possession. These devices were found in the defendant's bedroom, where he was sleeping at the time of the search, and contain other indicia that they do in fact belong to him. In fact, one of the devices contained multiple videos of the defendant *himself* interacting with at least one minor victim. The review of several other electronic devices found in his possession is ongoing. In addition, the government expects to be able to tie the defendant to thousands of other images and videos found on a peer-to-peer network.

*(iii)   History and characteristics of the defendant*

On the one hand, the defendant is a long-term resident of the United States and has family ties in San Francisco. He has no criminal history. On the other hand, he is a Chilean citizen and those "family ties" are concerning given that he has proven access to and interest in minor children. The family that might otherwise augment his argument for release is the same family that stands to be victimized (or continue to be victimized) by hands-on offenses.

*(iv)   Danger to any person or the community*

The defendant is a proven danger to at least one other person and likely many more. On more than ten videos found on a personal device seized from his bedroom, he is seen licking and sucking a young prepubescent girl's tongue for thirty seconds at a time. Based on the conversation between the defendant and the girl, it appears the defendant knows (and is perhaps related to) the girl's mother and is babysitting her. In one video, for example, the girl asks when her mommy will be home. In another video, the defendant reminds her that this should remain a secret so that they can continue to be together. This same conduct—sucking a young girl's tongue for minutes—is seen in multiple videos taken on different days in different rooms. That, alone, demonstrates sufficient danger to warrant detention.

But there is more. The defendant acknowledged in his interview with law enforcement that he has no children of his own, but that he frequently babysits his nephews. The government has not yet found images of videos of the defendant abusing those minor nephews, but there is at least opportunity and an inclination. The defendant also acknowledged being the property manager of a large house with dozens of other residents. At the time of the search, at least three minor children lived elsewhere in the house. As the property manager, the defendant has the ability to access all parts of the building, and indeed acknowledged that he enters the other units weekly for cleaning purposes. Many of those other residents appeared to lack proficiency in English and familiarity with the American justice system, adding another layer to the power dynamic that may limit their ability to protect themselves (and their children) from the defendant.

Therefore, given the defendant's unsupervised access to minors and his demonstrated sexual interest in minors, he poses a clear and convincing danger to any person and the community.

### 2. No set of conditions can adequately mitigate the defendant's dangerousness.

Even if released on conditions meant to prohibit his access to minors within his family or his building, the defendant could continue to harm minor children over the internet from the privacy of his home, which would be extremely difficult to detect and prevent. *See also United States v. Brugnoli Baskin,* 2022 U.S. Dist. LEXIS 199795 (N.D. Cal. Nov. 2, 2022) (concluding danger based on defendant's "demonstrated sexualized interest in minors"). In light of modern technology, it is inherently difficult for a court to limit and monitor a defendant's access to electronic devices and internet use. Any limitations the court might place on the defendant's access to the internet or to electronic devices would be insufficient to mitigate the defendant's dangerousness.

The Court must consider both the probability that an incident will occur, and the harm caused if it does. Even if the likelihood of recidivism is low — which it is not — the harm that would result from further victimization of children is immense. Victims of childhood sexual abuse suffer trauma that is lifelong and can often be debilitating. *See* Bessel Van Der Kolk, *The Body Keeps the Score* 66-67 (2015). Re-victimization of children through possession and sharing of images and videos of abuse from earlier in their lives can be just as traumatic. *See id.*

The defendant has shown himself to be dangerous to minor children who are left vulnerable to

him. Given the inherent difficulties in limiting the defendant's access to electronic devices that can access the internet, the Court cannot be reasonably assured that his access to minor children can be curtailed.

## V.   CONCLUSION

There is clear and convincing evidence that the defendant poses a danger to the community if released. The Court should order the defendant detained pending trial.

DATED: June 21, 2023                                        Respectfully submitted,

                                                                                          ISMAIL J. RAMSEY
                                                                                          United States Attorney


                                                                                          */s/ George O. Hageman*_____
                                                                                          GEORGE O. HAGEMAN
                                                                                          Assistant United States Attorney